# Exhibit A

# (State Court Documents)

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COMMON PLEAS COURT |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Cinda Barnes, ) | C/A No. 2021-CP-40- |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | |
| ) | |
| Target Corporation, John Doe 1 and ) | |
| John Doe 2, ) | |
| ) | |
| Defendants. ) | |
| ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this matter, a copy of which is herewith served upon you, and to serve a copy of your Answer to Said Complaint upon the Subscriber at her office, 1538 Sunset Blvd, West Columbia, South Carolina, within thirty (30) days after service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, then the Plaintiff will apply to the Court for default judgment for the relief demanded in the Complaint.

                          Burnside Law Firm, LLC

                          *s/ Kelly L. Burnside*
                          Kelly L. Burnside, SC Bar #101514
                          1538 Sunset Blvd
                          West Columbia, South Carolina 29169
                          P: (803) 619-5430; F: (803) 610-1842
                          Kelly@Burnsidelawyer.com
                          Attorney for Plaintiff

September 28, 2021

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COMMON PLEAS COURT |
| ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Cinda Barnes, ) | C/A No. 2021-CP-40 |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| Vs. ) | (Jury Trial Requested) |
| ) | |
| Target Corporation, John Doe 1, and ) | |
| John Doe 2, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF, Cinda Barnes, by and through her undersigned counsel, hereby files this complaint, and alleges unto the Court as follows:

## NATURE OF THE CASE

1. Plaintiff Cinda Barnes (hereinafter "Plaintiff") brings this action for damages against Defendants Target Corporation d/b/a Target (located at 6090A Garners Ferry Road, Columbia, SC 29209), John Doe 1 and John Doe 2 ("Defendants) for injuries sustained from a fall while shopping at Target located on Garners Ferry Road store in Columbia, South Carolina. Plaintiff slipped on liquid that was on the floor causing her to fall and injure her right knee and left shoulder.

2. Plaintiff requests monetary damages from Defendants for their negligent, grossly negligent, and reckless conduct, including but not limited to having liquid on the floor which directly and proximately caused extensive injuries to Plaintiff.

2

## JURISDICTION AND VENUE

3. At all times relevant to this complaint, Plaintiff was a citizen and resident of Richland County, South Carolina.

4. Upon information and belief, Target Corporation d/b/a Target (hereinafter "Defendant Target") is a corporation organized and existing under the laws of the Minnesota. Defendant Target transacts significant business in the County of Richland, State of South Carolina and upon information and belief it is registered and licensed to do business in the aforementioned County and State.

5. Upon information and belief, Defendant John Doe 1 is a resident of Richland County in the State of South Carolina. Defendant John Doe 1 was a male manager of the Target on Garners Ferry Road and was an employee/agent/servant of Defendant Target at all times relevant to this incident. Defendant John Doe 1 filled out an incident report for Plaintiff related to this incident.

6. Defendant John Doe 2 was an employee/agent/servant of Defendant Target at all times relevant to this incident. On or about August 28, 2019, while taking the trash out, Defendant John Doe 2 dragged trash bags down the aisle, causing the bags to tear and liquid to spill out of the bag onto the aisle, creating a dangerous condition.

7. Defendant Target has a registered agent in Columbia, South Carolina, CT Corporation System, with an office at 2 Office Park Court, Suite 103.

8. This Court has general and specific personal jurisdiction over the Defendants because they maintain significant and continuous contacts in Richland County, South Carolina and

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

the acts and omissions that are at issue in the present action occurred in Richland County, South Carolina.

9. Venue is proper because the most substantial part of the alleged acts or omissions giving rise to the cause of action occurred in Richland County, South Carolina.

## FACTUAL ALLEGATIONS

10. On or around August 28, 2019, Plaintiff was shopping at Target located on Garners Ferry Road in Columbia, South Carolina.

11. Upon information and belief, on or about August 28, 2019, around 6:30pm, Plaintiff slipped and fell on liquid that had spilled out from Defendants' trash bags that was left on the floor causing her to suffer severe bodily injuries.

12. On information and belief, at all times relevant herein Defendants maintained the common areas of store and failed to take reasonable precaution to warn invitees that there was liquid on the floor so as to prevent falls.

13. Upon information and belief, Defendants were aware or should have been aware of the liquid spilling out of the trash bags that were dragged across the aisles, creating a hazard to invitee or their establishment, and therefore, should have taken adequate measures to protect all invitees to include Plaintiff.

14. By reason and in consequence of the aforesaid acts and/or omissions of the Defendants, Plaintiff sustained serious personal injuries: her injuries were of such a nature as to require her and will in the future require her to expend monies for hospitalizations, surgery, doctor's care and other medical necessities; she has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, Plaintiff has suffered and will continue to suffer great pain and mental anguish; and such other and further particulars as may be found through discovery or trial.

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

## FIRST CAUSE OF ACTION
### (Negligence, Gross Negligence, and Recklessness)

15. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully restated herein.

16. Defendant Target owed the Plaintiff a duty to use the ordinary and reasonable care that a similar property owner, possessor, or person conducting a retail business would use under the same or similar circumstances.

17. Defendant Target breached the duty of care owed to the Plaintiff by failing to use ordinary and reasonable care during its activities, and/or by:

    a.    unreasonably creating a dangerous condition on the premises; and/or

    b.    unreasonably allowing spilled liquid to remain upon the floor in a high traffic area; and/or

    c.    unreasonably failing to clean up the spilled liquid; and/or

    d.    unreasonably leading the Plaintiff to walk into the spilled liquid; and/or

    e.    unreasonably directing the Plaintiff to walk into the spilled liquid

18. Defendant Target's breach of its duty to Plaintiff proximately caused the Plaintiff damages, including but not limited to pain and suffering, medical expenses, and lost wages.

## FOR A SECOND CAUSE OF ACTION
### (Premises Liability/Breach of Duty of Due Care)

19. Plaintiff hereby incorporates the allegations of the foregoing paragraphs as is fully restated herein.

20. Plaintiff was an invitee at the Target, having entered the premises upon a matter of advantage to the Defendants with an express or implied invitation with the Defendants' business, and

5

therefore, the Defendants owed Plaintiff a duty to keep its aisles and passageways in a reasonably safe condition.

21. On or about August 28, 2019, a hazard existed in Defendant's store in the form of a liquid on the floor believed to be liquid spilled from Defendant Target's trash bags in the passageway of its invitees.

22. Defendants and/or its employees, agents and/or representatives knew or should have known that there was liquid on the floor of the common areas that it posed a dangerous latent condition and presented a slip and fall hazard for invitees, including Plaintiff.

23. Defendants and/or its employees, agents and/or representatives had actual and/or constructive knowledge that there was liquid on the floor of the common area of the store and Defendants breached their duty of care and was willful, wanton, careless, negligent, grossly negligent, and reckless in the following particulars:

    a    In failing to warn invitees, including Plaintiff in particular, of dangerous conditions known to the Defendants;

    b    Creating an unreasonably dangerous condition;

    c    In failing to properly monitor, examine, and inspect the premises for hazards and dangers;

    d    In failing to keep the building, specifically the floor free of any latent defects and/or hazards;

    e    In failing to maintain a safe passage for its customers;

    f    In creating a dangerous, inconspicuous condition on the floor in the direct passageway;

    g    In failing to have the danger corrected;

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

| | | |
|---|---|---|
| h | | In failing to discover the danger; |
| i | | In failing to prevent the danger; |
| j | | In not taking the same care and caution that a reasonably prudent person would have used in the circumstances then and there prevailing, any or all of which were the proximate cause of the injuries suffered by the Plaintiff. |
| k | | Failing to take due precautions when Defendants allowed the spilled liquid to remain on the floor in a high traffic area, failed to prevent the spill from remaining in the floor, did not clean it up or otherwise remedy the dangerous condition within a reasonable time; and |
| l | | In such other particulars as may be revealed during discovery or trial of this matter. |

24. The Defendants created the unreasonably dangerous condition on the premises at issue or knew or should have known of the unreasonably dangerous condition on the premises at issue.

25. The Defendants were negligent in their breach of their duty to Plaintiff.

26. The Defendants were wanton and reckless in it breach of their duty to Plaintiff.

27. As a result of, and as a natural and probable foreseeable consequence of, Defendants' breach of their duty to Plaintiff, Plaintiff suffered damage including but not limited to pain and suffering, medical expenses, physical and mental pain and suffering; permanent impairment of health and bodily efficiency; loss of enjoyment of life, lost wages and loss of income and such other and further particulars as may be found through discovery or trial.

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

## FOR A THIRD CAUSE OF ACTION
### (Negligent Hiring/Retention/Supervision)

28. Plaintiff realleges and reincorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. Defendant Target and its agent/employees owed a duty to all invitees, including the Plaintiff, to exercise due care when hiring, training, retaining, and supervising their employees.

30. Defendant Target breached its duty to Plaintiff by and through their negligent, grossly negligent, reckless, willful, and wanton acts and/or omissions in one or more of the following particulars:

   a. In hiring employees/personnel/agents with known careless propensities in carrying out their work duties;

   b. In failing to properly train and/or supervise their employees/personnel/agents so as to ensure the safety of their invitees;

   c. In retaining an employee/agent with known careless propensities in the execution of their work duties ; and

   d. Overall, in failing to use the degree of care and caution that a reasonable and prudent business would have used under the circumstances.

31. As a direct and proximate result of Defendant Target's breach of its duty to its invitees, including the Plaintiff, Plaintiff suffered great physical harm and injury, all of which has and will, in the future, cause Plaintiff to undergo much physical pain and suffering; has and will, in the future, cause Plaintiff to expend large sums of money for medical treatment and services: has and will, in the future, cause Plaintiff to suffer trauma, anxiety, annoyance, whole body impairment and inconvenience- all to Plaintiff's general damage and detriment.

ELECTRONICALLY FILED - 2021 Sep 29 10:09 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4004886

**WHEREFORE**, Plaintiff prays as follows; (a) that the Plaintiff recover a judgment against the Defendants in an amount sufficient to compensate her for injuries and damages as described above; (b) that Plaintiff recover an amount of punitive damages as authorized by law; (c) that Plaintiff recover all costs associated with this action; and (d) that Plaintiff recover such other and further relief as the court may deem just and proper.

The Plaintiff respectfully demands a jury trial.

Respectfully submitted,

Burnside Law Firm, LLC

*s/ Kelly L. Burnside*
Kelly L. Burnside, SC Bar #101514
1538 Sunset Blvd.
West Columbia, South Carolina 29169
P: (803) 619-5430; F: (803) 610-1842
Kelly@Burnsidelawyer.com
Attorney for Plaintiff

September 28, 2021