**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Cinda Barnes, | ) | Case No. CA 3:21-3548-JFA |
| | ) | (formerly Civil Action No. 2021CP4004886) |
| Plaintiff, | ) | |
| v. | ) | **TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Target Corporation, John Doe 1 and John Doe 2, | ) | |
| Defendants. | ) | |

**COMES NOW,** Defendant, Target Corporation, by and through its undersigned attorneys, answering the Complaint of the Plaintiff, would allege and show unto this honorable Court:

**FOR A FIRST DEFENSE**

1. Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 1, and thereby denies the same.

3. Defendant denies the allegations of paragraph 2, and demands strict proof thereof.

4. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraph 3, and thereby denies the same.

5. Defendant admits so much of paragraph 4 which alleges that Defendant Target Corporation is a corporation organized and existing pursuant to the laws of a state other than South Carolina. Defendant Target transacts business in the state of South Carolina. Defendant

lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 4 and thereby denies the same.

6. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 5, and 6, and thereby denies the same.

7. Defendant admits so much of paragraph 7 which alleges that Defendant Target Corporation has a registered agent in South Carolina. Defendant lacks sufficient knowledge and information to form a belief as to the remaining allegations of paragraph 7 and thereby denies the same.

8. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 8, 9, 10, 11, 12, 13, 14, and 15, and thereby denies the same.

9. Defendant would show that its duties are prescribed by and in accordance with the laws of the State of South Carolina, and to the extent the allegations of paragraph 16 are inconsistent therewith, hereby denies the same.

10. Defendant denies the allegations of paragraphs 17, including its subparts, 18, and 19, and demand strict proof thereof.

11. The Defendant would s how that its duties are prescribed by and in accordance with the laws of the State of South Carolina, and to the extent the allegations of paragraph 20 are inconsistent therewith, hereby denies the same. Further answering, Defendant lacks sufficient knowledge and information concerning the remaining allegations of paragraph 20, and thereby denies the same.

12. Defendant lacks sufficient knowledge and information to form a belief as to the allegations of paragraphs 21, and 22, and hereby denies the same.

13.     Defendant denies the allegations of paragraph 23, including its subparts, 24, 25, 26, 27, and 28, and thereby denies the same.

14.     Defendant would show that its duties and prescribed by and in accordance with South Carolina law; to the extent the allegations of paragraph 29 are inconsistent therewith, Defendant hereby denies the same.

15.     Defendant denies the allegations of paragraph 30, including its subparts, and 31, and demands strict proof thereof.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

16.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

17.     The Defendant would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Contributory Negligence)

18.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

19.     The Defendant would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of this Defendant, to such a degree that Plaintiff's recovery is barred by the doctrine of contributory negligence in South Carolina.

## FOR A FOURTH DEFENSE
### (Intervening and Superseding Negligence)

20. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

21. The Defendant would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendant, but was rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which this Defendant had no control.

## FOR A FIFTH DEFENSE
### (Assumption of Known Risk)

22. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

23. The Defendant would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendant would plead the doctrine of assumption of a known risk as a complete bar to this action.

## FOR A SIXTH DEFENSE
### (Statute of Limitations)

24. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

25. The Defendant would show that this action is barred by the applicable Statute of Limitations.

## FOR A SEVENTH DEFENSE
### (Unavoidable Accident)

26. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

27. The Defendant would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendant, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

## FOR AN EIGHTH DEFENSE
### (Waiver and Estoppel)

28. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

29. The Defendant would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

## FOR A NINTH DEFENSE
### (Spoliation)

30. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

31. The Defendant would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A TENTH DEFENSE
### (Punitive Damages)

32. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

33. The Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

34. The Defendant alleges that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

35. The Defendant alleges that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

36. The Defendant alleges that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

37. Defendant would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the

Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

38.     Defendant pleads all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq.*, as amended.

**FOR AN ELEVENTH DEFENSE**
**(Pleading the Law)**

39.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

40.     Pursuant to *Garrison, et al. v. Target Corporation*, to the extent any provision within the Federal or State Constitutions, Laws, Regulations or Rules operate as an affirmative defense, Defendant pleads all such provisions.

41.     Defendant further places Plaintiff on notice of all law which may apply in this case. Defendant reserves the right to cite to and invoke all applicable law in its arguments, briefing, and other submissions to the Court.

**FOR A TWELFTH DEFENSE**
**(Open and Obvious)**

42.     The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

43.     The alleged hazard was open and obvious, so Defendant had no duty to warn people of it; the Defendant had no basis for anticipating the resulting harm, so Plaintiff's cause of action should be dismissed under *Sides v. Greenville Hosp. System*, 362 S.C. 250, 607 S.E.2d 362 (Ct. App. 2004).

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorneys' fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Mark S. Barrow
Mark S. Barrow Fed. I.D. No. 1220
Ryan C. Holt Fed. I.D. No. 10736
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANT TARGET CORPORATION**

Columbia, South Carolina

October 29, 2021